UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NORFOLK SOUTHERN CORPORATION,<br><br>　　Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices in hiring that discriminate on the basis of age and to provide appropriate relief to a group of aggrieved individuals who were affected by such practices. As alleged with greater particularity below, Defendant Norfolk Southern Corporation ("Defendant" or "Norfolk Southern") has preferred to hire individuals under the age of 52 for the position of special agent and, as a result, has failed or refused to hire job applicants age of 52 and older because of their age.

### JURISDICTION AND VENUE

1.　The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

4. At all relevant times, Defendant, a Virginia corporation, has continuously been doing business in the State of New Jersey and the City of Elizabeth, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONDITIONS PRECEDENT

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

7. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

8. Since at least January 1, 2014, Defendant has engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), by failing or refusing to

hire a group of qualified applicants who were age 52 or older ("Aggrieved Individuals") for the position of Special Agent at Defendant's facilities within the United States because of such individuals' age. Specifically:

(a) Defendant operates a freight railroad system in 22 states and the District of Columbia in the eastern United States.

(b) At Defendant, individuals employed in the position of Special Agent are responsible for monitoring and securing railway operations.

(c) In evaluating applicants for the position of Special Agent, Defendant has applied a preference for applicants under the age of 52. Defendant assumed, based on the Aggrieved Individuals' age, that they would not continue working for Defendant for at least ten years.

(d) As a result of that preference, Defendant failed or refused to hire the Aggrieved Individuals because they were age 52 or older.

(e) For example, one Aggrieved Individual, William Peer, was informed by Defendant that he did not advance further in the hiring process because he was over the age of 52. To wit:

    i. Peer applied for a Special Agent position at Defendant's Elizabeth, New Jersey facility on or about April 7, 2016.

    ii. At the time of his application, Peer was 56 years old.

    iii. Peer was a commissioned law enforcement officer with almost 30 years of relevant experience and a bachelor's degree in criminal justice.

    iv. Peer was qualified for the Special Agent position at the time of his application.

      v.      Indeed, based on a review of his application materials, Defendant considered Peer to be among the most competitive candidates for the position.

      vi.      Defendant conducted a preliminary phone interview of Peer, but did not select Peer for a formal interview.

      vii.      Later, when Peer contacted Defendant to ask about the status of his application, the hiring official who had conducted the preliminary phone interview informed Peer that Defendant had an unwritten policy of not hiring individuals over age 52 for the Special Agent position because Defendant believed they would not be "able to give [Defendant] ten years."

      viii.      The hiring official informed Peer that he would not advance in the hiring process because he was "over that" age.

      ix.      At the end of the hiring process in which Peer had been considered, Defendant ultimately hired two individuals, both under the age of 52, even though Peer was equally or more qualified.

      x.      Defendant did not hire Peer for the position of Special Agent because of his age.

9. The effect of the practices complained of above has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as applicants for employment and/or as employees, because of their age.

10. The unlawful employment practices complained of above were and are willful, within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

4

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to hire any individual because of such individual's age;

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for older workers, and that eradicate the effects of its past and present unlawful employment practices;

C.     Grant a judgment requiring Defendant to pay appropriate back wages (including lost benefits), in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to individuals whose wages are being unlawfully withheld as a result of the acts complained of above;

D.     Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement of the Aggrieved Individuals or frontpay in lieu of instatement;

E.     Grant such further relief as the Court deems necessary and proper in the public interest; and

F.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 26, 2018

Newark, New Jersey

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (212) 336-3744
justin.mulaire@eeoc.gov

 s/ Rosemary DiSavino
ROSEMARY DISAVINO
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Newark Area Office
Two Gateway Center, Suite 1703
283-299 Market Street
Newark, New Jersey 07102
(973) 645-6430
Rosemary.disavino@eeoc.gov

KATIE LINEHAN
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

6

                                     Boston Area Office
                                     John F. Kennedy Federal Building
                                     Government Center, Room 475
                                     Boston, MA 02203-0506
                                     (617) 565-2141
                                     katie.linehan@eeoc.gov